```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

WILLIAM MORALES,

               Plaintiff,

vs.                                      Case No. 2:10-cv-601-FtM-36SPC

THE GEO GROUP, INC.,

               Defendants.
_____/

**OPINION AND ORDER**

This matter comes before the Court upon review of the Defendant The GEO Group, Inc.'s Motion to Dismiss (Doc. #12, "Motion"), filed January 12, 2011. Plaintiff filed a response in opposition to the Motion (Doc. #14, "Response") on January 24, 2011. This matter is ripe for review.

**I.**

William Morales, a resident civilly detained at the Florida Civil Commitment Center (hereinafter "FCCC"), initiated this action by filing a *pro se* two-page "Civil Rights Complaint" (Doc. #1, "Complaint") pursuant to 42 U.S.C. § 1983 naming The GEO Group, Inc. (hereinafter "GEO") as the sole defendant. *See* Complaint. The Complaint avers that GEO operates the FCCC pursuant to a contract with the Florida Department of Children and Families, pursuant to which GEO is paid a "contractually set fee for each bed that is filled by a detainee." *Id.* at 2. This "flat rate"

includes all medical care that is provided to the FCCC detainees. *Id.*

According to the Complaint, in "mid to late 2008," FCCC "medical staff" sent Plaintiff to an unidentified "specialist concerning a problem with both of [his] feet." *Id.* The specialist advised that Plaintiff's "medical problem would require surgery and special shoes." *Id.* Plaintiff contends that the medical staff at the FCCC "had no problem with this diagnosis/prognosis." *Id.* Plaintiff claims, however, that "GEO refuses to provide the required surgery and shoes as such would cost too much, thereby reducing their profit margin." *Id.* Plaintiff states that his "medical condition is serious and causes [him] intense pain and suffering." *Id.* As relief, Plaintiff seeks an order directing GEO "to provide the required surgery and shoes." *Id.*

Defendant GEO moves to dismiss Plaintiff's Complaint on the basis that the Complaint does not satisfy the pleading requirements for a civil rights claim. *See generally* Motion. First, GEO argues that dismissal is required because Plaintiff failed to demonstrate exhaustion of his administrative remedies. Motion at 1. Next, GEO argues that Plaintiff makes only conclusory allegations that GEO will not provide Plaintiff with the necessary surgery and special shoes because of cost, but fails to identify the exact nature of his medical problem, the specialist who diagnosed Plaintiff, the FCCC physician who refused to follow through with recommended

treatment of Plaintiff, or any dates of treatment. *Id.* at 2. Because Plaintiff has failed to identify the dates of his treatment, GEO argues that it is unable to raise a statute of limitations defense to which it may be entitled. *Id.* Finally, GEO submits that the Complaint does not sufficiently demonstrate a claim of deliberate indifference as to GEO. *Id.* In particular, GEO asserts that Plaintiff has not alleged a custom or policy executed by GEO employees. *Id.* at 4.

In reply, Plaintiff points out that Plaintiff, as a civil detainee, is not required to exhaust any administrative remedies prior to initiating the instant action. Reply at 1. Further, Plaintiff concedes that the Complaint does not provide dates, but contends that his claim falls within the relevant statute of limitations.[1] *Id.* at 2. Plaintiff submits that his claim is sufficient to withstand a motion to dismiss because a heightened pleading standard is not required for a civil rights claim. *Id.* at 3. Finally, Plaintiff reiterates his allegation that GEO "as a

---

[1] Claims brought pursuant to § 1983 in federal court are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 2002)(citations omitted); *Grace v. Wainwright*, 761 F. 1520, 1526 (M.D. Fla. 1991); *see also* § 95.11(3)(a), Fla. Stat. Thus, Plaintiff's failure to pinpoint the exact date in 2008 that surgery was recommended is of no consequence. Further, to the extent that Defendant requires a more definite statement in order to be able to respond to a complaint, the proper recourse is a motion pursuant to Fed. R. Civ. P. 12(e), not a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

matter of corporate policy is refusing to treat Plaintiff's serious medical need" due to cost. *Id.* at 3. Liberally construing the Complaint, Plaintiff alleges a due process claim pursuant to the Fourteenth Amendment[2] for Defendant's deliberate indifference in failing to provide him with medical care for his serious medical condition.

**II.**

The Prison Litigation Reform Act ("PRLA") specifically provides that "no action shall be brought ... under section 1983 ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The Court recognizes that Plaintiff is a civil detainee at the FCCC and, as such, is not a

---

[2]Plaintiff's right exists under the Due Process Clause of the Fourteenth Amendment which "require[s] the State to provide minimally adequate or reasonable training to ensure safety and freedom from undue restraint," *Youngberg v. Romeo*, 457 U.S. 307, 319 (1982), instead of under the Eighth Amendment. Further, as civil detainees, FCCC residents are afforded a higher standard of care than those who are criminally committed. *See Id.* at 321-322; *Dolihite v. Maughon*, 74 F.3d 1027, 1041 (11th Cir. 1996); *Lavender v. Kearney*, 206 Fed. Appx. 860 (11th Cir. 2006). Nonetheless, Plaintiff's "claims are subject to the same Eighth Amendment scrutiny as if they had been brought as deliberate indifference claims under the Eighth Amendment." McDowell *v. Brown*, 392 F.3d 1283, 1290, fn 8 (11th Cir. 2004)(citations omitted).

"prisoner" for purposes of the PRLA.  As a civil detainee, Plaintiff correctly recognizes that he was <u>not</u> required to exhaust any administrative remedies prior to filing the instant action.

The Court considers well-pleaded factual allegations, documents focused on or referenced in the complaint, and judicially noticed matters when ruling on a Rule 12(b)(6) motion to dismiss. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept as true all factual allegations in Plaintiff's Complaint and regard these allegations in the light most favorable to the Plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  The Court, however, will not give the presumption of truth to conclusory allegations.  *Ashcroft v. Iqbal*, 556 U.S. ___, 126 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The *Twombly-Iqbal* plausibility standard is applicable when the Court reviews a complaint that is subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708 n.2 (11th Cir. 2010).  A claim is plausible where the facts alleged by the plaintiff "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 129 S. Ct. at 1949.  As part of the plausibility standard, the plaintiff must allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the claim of the plaintiff.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Marsh*, 268 F.3d at 1036 n.16. Because the plausibility standard requires "more than labels and conclusions," a complaint that makes "a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Therefore, a complaint is not sufficient "if it tenders naked assertions devoid of further factual enhancement" or if it provides a "the-defendant-unlawfully harmed me accusation." *Ashcroft*, 126 S. Ct. at 1949.

In order to meet the pleading requirements of Fed. R. Civ. P. 8, a complaint must give the defendant fair notice of what the plaintiff's claims are and the grounds for those claims. *Conley v. Gibson*, 355 U.S. 41 (1957). The plaintiff must make factual allegations that demonstrate a right to relief rising above the speculative level. *See Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted). However, contrary to Defendant's assertion, a heightened pleading standard is no longer required, and was not required at the time Defendant filed its Motion. *Randall*, 610 F.3d at 701.

A claim is adequately stated under 42 U.S.C. § 1983 if the plaintiff alleges (1) that the defendants deprived him of a right promised to him under the United States Constitution or federal law, and (2) that the deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir.

2001). A claim under § 1983 also requires the plaintiff to establish an affirmative causal connection between the defendant's conduct and the alleged constitutional deprivation. *Marsh*, 268 F.3d at 1059; *Swint v. City of Wadley*, 51 F.3d 988 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

To articulate a deliberate indifference to serious medical condition claim, a plaintiff must allege: (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between the indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A "serious medical need" is one that "if left unattended, poses a substantial risk of serious harm" and can be either: (1) "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"; or (2) one where "a delay in treating the need worsens the condition." *Id.* at 1307 (citations omitted). Next, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Liability cannot attach to a defendant in a supervisory position by way of *respondeat superior* in a § 1983 action. *Monell*

*v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-692 (1978); *Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir. 2003); *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003). Instead, a § 1983 action brought against a private entity performing a public function requires the entity to have adopted a policy or custom that resulted in a constitutional deprivation. *Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997). A policy is defined as "a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Goebert v. Lee County*, 510 F.3d 1312, 1332 (11th Cir. 2007)(citations omitted). A custom is defined as "a practice that is so settled and permanent that it takes on the force of the law." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)(internal quotations and citations omitted). An entity must have actual or constructive knowledge of a persistent or widespread practice in order for a plaintiff to prove the existence of a custom. *Depew v. City of St. Mary's, GA*, 787 F.2d 1496, 1499 (11th Cir. 1986). "[R]andom acts or isolated incidents are insufficient to establish a custom or policy." *Id.*

**III.**

Here, even affording Plaintiff a liberal construction of his Complaint, the Court finds that the Complaint fails to allege sufficient facts to show that GEO, as a result of a custom or policy, was deliberately indifferent to Plaintiff's medical needs.

Although Plaintiff concludes he has a serious medical need, he fails to identify what is his medical condition, and, who denied him treatment for his medical condition. Assuming *arguendo* that the Court found Plaintiff sufficiently articulated the first prong of the deliberate indifference inquiry (i.e. that Plaintiff has an objectively serious medical need), Plaintiff has not articulated the second prong - - that GEO was deliberately indifferent to providing Plaintiff with necessary medical care. In particular, Plaintiff's assertion that Defendant GEO, pursuant to policy, deprived him of medical treatment based on cost, is wholly conclusory and insufficient to establish a "custom or policy." Plaintiff does not state that he was told that he was being denied medical treatment based upon an official policy to contain costs. Nor does Plaintiff provide any facts corroborating the allegation that Defendant GEO has a history of refusing to provide recommended medical treatment based on costs. An allegation of an isolated incident is not sufficient to establish a practice, custom or policy. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Indeed, without a "finding of a pattern of injuries," the Eleventh Circuit has rejected extending § 1983 liability to a municipality for an isolated incident based upon insufficient budgeting practices, finding "such an attenuated link." *McDowell v. Brown*, 392 F.3d at 1291. Thus, based upon a review of the Complaint, Plaintiff has failed to demonstrate that his right to relief

against Defendant GEO is based on allegations that rise above a speculative level. *Twombly*, 550 U.S. at 555. Because the Court finds Plaintiff's allegations to be conclusory and unsupported by specific facts, the Court is not required to accept these allegations as being true. *Iqbal*, 129 S. Ct 1937. The Court agrees that Plaintiff has not adequately stated a constitutional claim, and the Court will dismiss this action <u>without</u> prejudice.[3]

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1. Defendant GEO's Motion to Dismiss (Doc. #12) is **GRANTED**, and this case is dismissed **without prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 19th day of April, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: hmk
Copies: All Parties of Record

---

[3]"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) (quotation and alteration omitted).